UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWAYNE EVANS,

       Plaintiff,                                                   Hon. Gordon J. Quist

v.                                                                            Case No. 1:10-CV-999

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying in part and granting in part Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 54 years of age as of the date of the ALJ's decision.  (Tr. 25, 88).  He successfully completed high school and worked previously as a cook.  (Tr. 22, 37).

Plaintiff applied for benefits on April 6, 2006, alleging that he had been disabled since February 1, 2006, due to gout, arthritis, and right knee problems.  (Tr. 88-93, 153).  Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 39-88).  On November 13, 2006, Plaintiff appeared before ALJ William King, Jr.  (Tr. 59).  In a written decision dated January 4, 2007, the ALJ determined that Plaintiff was not disabled.  (Tr. 31-38).  The Appeals Council, finding that the ALJ's residual functional capacity finding was not sufficiently supported by the evidence of record, remanded the matter for further proceedings.  (Tr. 40-41).

On February 3, 2009, Plaintiff again appeared before ALJ King, with testimony offered by Plaintiff and vocational expert, Richard Riedl.  (Tr. 378-421).  In a written decision dated May 6, 2009, the ALJ determined that Plaintiff was disabled beginning September 8, 2008, but not prior thereto.  (Tr. 16-25).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 4-7).  Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## **RELEVANT MEDICAL HISTORY**

Treatment notes dated April 20, 2005, indicate that Plaintiff injured his right knee "playing football many years ago." (Tr. 253-54). X-rays of Plaintiff's right knee, taken on July 5, 2005, revealed "moderate to severely advanced osteoarthritis." (Tr. 295). X-rays of Plaintiff's right knee, taken on November 1, 2005, revealed "moderate to severe osteoarthrosis predominantly involving the medial compartment with a large joint effusion and ossified intra-articular bodies." (Tr. 287). X-rays of Plaintiff's left knee, taken the same day, revealed "small joint effusion." (Tr. 287). X-rays of Plaintiff's right knee, taken on August 16, 2006, revealed "no change in severe osteoarthrosis of [the] right knee." (Tr. 333).

On November 20, 2008, Plaintiff participated in a consultive examination conducted by Dr. Jared Griffith. (Tr. 344-52). Plaintiff reported that he was experiencing "progressively worsening post-traumatic osteoarthritis." (Tr. 344). Plaintiff also reported experiencing gout in both feet and ankles causing "swelling within the feet which makes it so he cannot wear regular shoes." (Tr. 344). Plaintiff also reported that he "has difficulty standing for more than a few minutes at a time as well as walking for any longer than five minutes." (Tr. 344).

An examination of Plaintiff's right knee revealed "significant post-operative hypertrophic change" as well as "scarring of the anterior knee from prior surgery." (Tr. 345). Plaintiff exhibited diminished strength and flexibility of the right knee and experienced "moderate difficulty with heel-toe walking and with squatting." (Tr. 346). An examination of Plaintiff's feet revealed swelling. (Tr. 345). The doctor also noted that Plaintiff was "wearing house slippers today." (Tr. 344). Dr. Griffith concluded that Plaintiff was suffering "degenerative joint disease of the right knee and gout." (Tr. 346). The doctor reported that Plaintiff can "continuously" lift up

to 50 pounds, "continuously" carry up to 20 pounds and "frequently" carry 21 to 50 pounds.  (Tr. 347).  Dr. Griffith further concluded, however, that during an eight-hour workday, Plaintiff can sit for six hours, but can stand and walk for only one hour each.  (Tr. 348).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffered from: (1) degenerative joint disease of the right knee, and (2) chronic gout, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 19-20).

With respect to Plaintiff's residual functional capacity, the ALJ determined that prior to September 8, 2008, Plaintiff retained the capacity to perform work subject to the following limitations: (1) he can occasionally lift/carry 100 pounds and frequently lift/carry 50 pounds; (2) he can stand and/or walk less than two hours during an 8-hour workday; (3) he cannot walk on uneven surfaces; (4) he can occasionally engage in pushing/pulling activities with his lower extremities; (5) he can occasionally engage in reaching, handling, fingering, feeling, pushing, and pulling activities with his upper extremities; (6) he cannot be exposed to hazardous machinery; and (7) he can tolerate only moderate exposure to extremes of cold. (Tr. 20).

The ALJ further determined that as of September 8, 2008, Plaintiff retained the capacity to perform work subject to the following limitations: (1) he can occasionally lift/carry 100 pounds and frequently lift/carry 50 pounds; (2) he can stand and/or walk less than two hours during an 8-hour workday; (3) he requires a sit/stand option and cannot walk on uneven surfaces; (4) he can occasionally engage in pushing/pulling activities with his lower extremities; (5) he can occasionally

engage in reaching, handling, fingering, feeling, pushing, and pulling activities with his upper extremities; (6) he cannot be exposed to hazardous machinery; and (7) he can tolerate only moderate exposure to extremes of cold. (Tr. 22).

With respect to the time period prior to September 8, 2008, the ALJ concluded that Plaintiff was unable to perform any of his past relevant work, at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding. Such was the case here, as the ALJ questioned vocational expert Richard Riedl.

The vocational expert testified that there existed approximately 12,100 jobs in the lower peninsula of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (Tr. 410-13). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The vocational expert further testified that all of the jobs he identified were

in the light category and, therefore, did not require lifting more than 20 pounds. (Tr. 416-19). Accordingly, the ALJ concluded that with respect to the time period prior to September 8, 2008, Plaintiff was not disabled as defined by the Social Security Act.

As of September 8, 2008, Plaintiff was 54 years and six months old. As the ALJ recognized, this placed Plaintiff in the category of an individual closely approaching advanced age. *See* 20 C.F.R. § 404.1563(d). This particular regulation further provides, however, that when a claimant is "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination of decision that you are disabled, we will consider whether to use the older age category" in light of "all the factors of your case." 20 C.F.R. § 404.1563(b). Relying on this provision, the ALJ determined that as of September 8, 2008, Plaintiff should be considered an individual of advanced age. The ALJ further found that Plaintiff possessed a high school education and that the skills employed in his previous work were not transferrable to other work. Pursuant to the Medical Vocational Guidelines[2] a person of advanced age, limited to light work, with Plaintiff's education and work experienced is deemed disabled. *See* 20 C.F.R., Part 404, Subpart P, Appendix 2, § 202.06. Accordingly, the ALJ concluded that Plaintiff was disabled beginning on September 8, 2008.

On appeal, Plaintiff asserts a single claim. Plaintiff does not challenge the ALJ's RFC determination, but instead argues that based on his RFC concerning the period prior to

---

[2] The Medical-Vocational Guidelines, also known as the "grids," consider four factors relevant to a particular claimant's employability: (1) residual functional capacity, (2) age, (3) education, and (4) work experience. 20 C.F.R., Part 404, Subpart P, Appendix 2. Social Security regulations provide that "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00. In other words, a claimant may be awarded benefits if he satisfies the requirements of one of the particular rules correlating to a finding of disability. *See Russell v. Commissioner of Social Security*, 20 F. Supp.2d 1133, 1134 (W.D. Mich. 1998).

September 8, 2008, the ALJ should have found that he was limited to the performance of sedentary work which would have resulted in a finding of disability pursuant to the grids.

With respect to the time period prior to September 8, 2008, the ALJ found that Plaintiff was capable of performing a limited range of light work. Given Plaintiff's age, education, and work history, a person capable of performing light work was not disabled pursuant to the grids. *See* 20 C.F.R., Part 404, Subpart P, Appendix 2, § 202.14. Had the ALJ, however, found that Plaintiff was limited to the performance of sedentary work, Rule 201.06 of the grids would have directed a finding that Plaintiff was disabled. Plaintiff asserts that pursuant to Social Security Ruling 83-10, the ALJ was obligated to find that he was limited to sedentary work and, therefore, disabled pursuant to Rule 201.06 of the grids.

Social Security Ruling 83-10 was drafted "[t]o clarify the manner in which [the grids] address the issue of capability to do other work, and to provide definitions of terms and concepts frequently used in evaluating disability under the medical-vocational rules." Titles II and XVI: Determining Capability to do Other Work - the Medical-Vocational Rules of Appendix 2, SSR 83-10, 1983 WL 31251 at *6 (S.S.A., 1983).

As this ruling provides, an ALJ can rely on the grids to make a determination as to a claim for benefits only if the claimant is capable of performing "substantially all (nearly all) of the primary strength activities defining the particular level of exertion" into which the claimant is categorized. *Id.* at *2. Plaintiff argues that because he is incapable of performing "substantially all" of the range of work at the light level of exertion, the ALJ was required to place him (for purposes of the grids analysis) in the sedentary category of exertion.

As Social Security Ruling 83-10 also provides, however, unless all the criteria of a particular rule are satisfied the grids do not direct a particular finding as to disability, but are instead consulted merely "as guidance for decisionmaking." *Id.* at *1. Because Plaintiff's RFC fell squarely between the sedentary and light levels of exertion, the ALJ did not rely on the grids in finding that Plaintiff was not disabled prior to September 8, 2008. Instead, the ALJ questioned a vocational expert who testified that there existed a significant number of jobs that Plaintiff could perform consistent with his pre-September 8, 2008 RFC. Moreover, Plaintiff's argument assumes that if he is not capable of performing all or substantially of all the requirements of work at one level of exertion, the ALJ is required to place him (for purposes of the grids) in the next lower level of exertion. The Sixth Circuit has clearly rejected this argument.

In *Wright v. Massanari*, 321 F.3d 611 (6th Cir. 2003), the ALJ determined that Wright was capable of performing a limited range of light work. *Id.* at 614. Relying on testimony from a vocational expert that there existed a significant number of jobs that Wright could perform consistent with her RFC, the ALJ concluded that Wright was not disabled. This conclusion was affirmed by a United States District Judge after which Wright appealed the matter to the Sixth Circuit. *Id.* Noting that Wright's RFC fell between the sedentary and light levels of exertion, the Sixth Circuit observed the following:

> Wright misapprehends the analysis that is applicable to her situation. Essentially, Wright wants to use the fact that she is not capable of doing all of the jobs in the light work category due to her nonexertional limitation (her left hand impairment) to drop her category level down to sedentary. As a result, she argues that the ALJ should have used Rule 201.09, pertaining to sedentary work, rather than Rule 202.10, pertaining to light work. But that is not how the process works. There is no support for her argument that her nonexertional limitation allows her to decrease the level of her exertional capacity from light to sedentary.

10

*Id.* at 615.

As the Court further observed, when a claimant's residual functional capacity falls between two particular levels of exertion the grids do not mandate a conclusion and instead the ALJ must obtain evidence from a vocational expert or other acceptable source. *Id.* at 615-16. This is precisely what the ALJ did in this matter. The Court, therefore, discerns no error in the ALJ's decision to not rely on the grids to assess Plaintiff's claim for the time period prior to September 8, 2008, and to instead rely on the testimony of a vocational expert.

### **CONCLUSION**

For the reasons articulated herein, the undersigned concludes that the ALJ's decision complies with the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date:  February 21, 2012              /s/ Ellen S. Carmody
                                      ELLEN S. CARMODY
                                      United States Magistrate Judge